35 C.C.P.A.(Patents)
**MELTON et al. v. NETHERLY et al.**
**Patent Appeal No. 5434.**

Court of Customs and Patent Appeals.

May 4, 1948.

William H. Webb, of Pittsburgh, Pa., Donald A. Gardiner, of Washington, D. C., and Stebbins, Blenko & Webb, of Pittsburgh, Pa. (George E. Stebbins, of Pittsburgh, Pa., of counsel), for appellants.

Harold J. Kinney, of St. Paul, Minn., for appellees.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in an interference proceeding from the decision of the Board of Interference Examiners of the United States Patent Office awarding priority of invention of the counts in issue to George P. Netherly, Gilbert R. Anderson, and Bert S. Cross, appellees.

The interference involves appellees' patent, No. 2,269,415, issued January 6, 1942, on an application filed December 11, 1937, and an application filed by appellants for the reissue of their patent, No. 2,201,194, issued May 21, 1940, on an application filed September 23, 1933. The interference issue is defined in the following counts:

"1. An abrasive article comprising abrasive grains secured to a backing by a plurality of coatings of bonding materials including a primary bonding coating and a sizing coating, said abrasive grains being positioned in said bonding coating in predetermined oriented relation to said backing and reinforced and substantially maintained in said predetermined position by said sizing coating, said bonding coating being of a material selected with respect to the material of said sizing coating such as to be substantially unsoftened and undissolved by the material of said sizing coating in fluid form.

"2. The method of manufacturing coated abrasives comprising adhesively coating a backing sheet with a viscous grit-bonding coat, depositing abrasive particles in oriented position on said adhesively coated backing sheet and adhering the particles to said sheet with said grit-bonding coat, solidifying said grit-bonding coat, then applying thereon an organic grit-sizing in the form of a liquid layer, said grit-sizing being of such character that it does not soften or dissolve said grit-bonding coat to any substantial extent, thereby to produce a sized flexible abrasive article in which the orientation of the abrasive particles is not substantially impaired by the application of the said grit-sizing coat.

"3. The method of manufacturing flexible coated abrasive articles as defined in count 2 further characterized in that the said grit-sizing is applied as a single coat in the production of the finished flexible abrasive article."

The invention in issue relates to an abrasive article comprising a backing sheet to which abrasive grains are secured in oriented position by means of adhesive material and to a method of making such an article. Two adhesive layers are employed, one of which is applied directly to the backing and secures the abrasive grains thereto, while the second adhesive layer is applied on top of the first, for securing the grains more firmly in position. Each of the counts requires that the first adhesive layer be not softened or dissolved by the second.

The record discloses that the preliminary statements filed by appellees allege no date of invention as early as the filing date of the original application of appellants. The Board of Interference Examiners awarded priority to appellees on the ground that appellants were not entitled to make the counts, first, because their original application did not disclose the subject matter thereof, and second, because appellants did not present the claims constituting the counts in issue until more than one year after they appeared in appellees' patent, and appellants were not claiming the subject matter of the counts within one year after the issuance of that patent.

The first question to be considered here, therefore, is whether appellants' original application supports the counts. If it does not, priority was properly awarded to appellees.

The important feature of the counts, so far as the instant controversy is concerned, is the prevention of softening or dissolving of the first adhesive coat when the second is applied. Appellees' patent, in which the counts originated, discloses several methods of achieving this result, one of which methods involves a proper selection of different materials for the two adhesive coatings. Appellants, on the other hand, always use the same material for both adhesive coatings, and avoid softening of the first coating by drying and setting that coating before the second coating is applied, and by the particular method of application of the second coating. It is contended by counsel for appellees, and it was held by the Board of Interference Examiners, that the counts of the instant interference are limited to the use of different materials for the two adhesive coatings.

Count 1, in its introductory expression, refers to the use of a plurality of coating of bonding materials. The use of the plural word "materials" in this connection would seem to be a definite indication that different materials are employed for the different coatings. Moreover, the final portion of count 1 reads: " * * * said bonding coating being of a material selected with respect to the material of said sizing coating such as to be substantially unsoftened and undissolved by the material of said sizing coating in fluid form."

The quoted language clearly contemplates that two different materials are to be used, since it would not be logical to say that a material was selected with respect to itself so that a certain result would be produced.

Count 2 is a process claim which is generally similar to count 1 and which contains the limitation " * * * said grit-sizing being of such character that it does not soften or dissolve said grit-bonding coat to any substantial extent." The quoted language clearly implies that the coatings are of different materials and that it is because of this difference that the bonding coat is not softened or dissolved. Count 2, if reasonably construed, does not contemplate a process in which successive coatings of a single material are applied in a manner which prevents softening.

Count 3 is dependent on count 2 and contains all the limitations of that count. Count 3, therefore, is also limited to the use of different materials for the bonding and sizing coatings.

It appears from the record that, during the pendency of appellees' application on which their patent involved in this interference was granted, certain of the claims, including those which now form the counts of this interference, were finally rejected by the Primary Examiner as unpatentable over prior art. In the brief filed by the applicants, in support of their appeal, the attention of the Board of Appeals was directed to appellants' patent which is the patent sought to be reissued by appellants' application involved in this interference. The argument was presented to the Board of Appeals that the rejection of the appealed claims was inconsistent with the allowance of claim 9 of the Melton et al. patent. In commenting on this situation, the Board of Appeals stated: "Their main argument is centered about the issues of an interference, one of the counts of which is now claim 9 of the Melton patent No. 2,201,194 * * * the contention is that certain counts of the interference are broader than the claims in the present application and therefore there is no warrant for the examiner to combine references (most of which have early filing dates) as he does not anticipate the appealed claims. This argument is convincing to us * * *."

In its decision, the Board of Appeals allowed the claims which now form the counts of the present interference, and this decision was rendered with the Melton et al. patent, an application for the reissue of which is involved in this interference, before the board and specifically referred to in its decision. That patent has an effective date much earlier than the filing date of the application in which those claims were allowed, and it is evident that the allowance could not properly have been made if the board had considered that the Melton et al. patent disclosed the subject matter of any of the allowed claims. Further, claim 9 of the Melton et al. patent, which is heavily relied on in the instant interference by counsel for appellants in support of appellants' right to make the counts, was specifically referred to by the Board of Appeals in its decision.

Counsel for appellants point out that the Primary Examiner did not reject any of the claims corresponding to the counts in the instant interference on the Melton et al. patent, and urge that that patent is not a part of the prior art of record in appellees' patent here involved. It is unnecessary to determine whether or not the patent was technically a part of the prior art of record. It certainly was a part of the prior art, so far as appellees' application was concerned, and it was clearly considered by the Board of Appeals, which could and should have recommended a rejection of the claims which constitute the counts in issue, if it had been of the opinion that the counts were readable on or unpatentable over the disclosure of the Melton et al. patent. The failure of the board to make such a recommendation indicates that it was of the opinion, as was the Board of Interference Examiners in the instant case, that the counts of this interference cannot be made by appellants.

Counsel for appellants here refer to various portions of the record of appellees' patent which allegedly show that a broad interpretation was placed on the counts here in issue. Those portions and the arguments with respect to them, have been carefully

considered but, although they indicate that appellees, at times, stated that their invention was not limited to the use of different materials for the bonding and sizing coating, they do not show that there was ever a clear contention that the claims constituting the counts here involved are not so limited.

We are of opinion that the counts of this interference are limited to the use of different materials for the sizing and bonding coats and that, therefore, they are not supported by appellants' application. In view of this conclusion, it is unnecessary to consider the holding of the Board of Interference Examiners that appellants are precluded from an award of priority by reason of their delay in presenting the counts.

The decision of the Board of Interference Examiners, awarding priority to the junior parties, is affirmed.

Affirmed.

By reason of illness, O'CONNELL, Associate Judge, was not present at the argument of this case and did not participate in the decision.